*28 ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
|, This proceeding arises out of an application for reinstatement filed by petitioner, Walter W. Gerhardt, an attorney currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Gerhardt, 11-0687 (La.4/29/11), 64 So.3d 203 (“Gerhardt I”), we accepted a joint petition for consent discipline filed by petitioner and the Office of Disciplinary Counsel (“ODC”), in which the parties proposed that petitioner be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of supervised probation with conditions, including completion of the Louisiana State Bar Association’s Ethics School. The misconduct forming the basis of Gerhardt I consisted of petitioner’s neglect of two legal matters and his failure to communicate with two clients.
In In re: Gerhardt, 12-0893 (La.5/25/12), 89 So.3d 1169 (“Gerhardt II”), we revoked petitioner’s probation and made the previously deferred one year and one day suspension executory after petitioner neglected an additional legal matter, continued to neglect one of the legal matters subject of Gerhardt I, and failed to complete Ethics School as required by the conditions of his probation.[1]
^Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The ODC took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to at least one year of supervised probation. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
After considering the record in its entirety, we will adopt the committee’s recommendation and reinstate petitioner to the practice of law. As found by the committee, the record provides clear and convincing evidence of petitioner’s compliance with the reinstatement criteria. Nevertheless, we find further precautions are warranted to insure that the public will be protected upon petitioner’s return to practice. See Supreme Court Rule XIX, § 24(J).
Accordingly, we will order that petitioner be conditionally reinstated, subject to a two-year period of supervised probation. The probationary period shall commence from the date petitioner, the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with the conditions of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
*29 DECREE
Upon review of the recommendation of the hearing committee, and considering the record, it is ordered that Walter W. Gerhardt, Louisiana Bar Roll Rnumber 20827, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth herein. All costs of these proceedings are assessed against petitioner.

. Petitioner ultimately did attend Ethics School, but he did not do so until one month after the court’s ruling in Gerhardt II.